1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

YAMAGATA ENTERPRISES, INC., et al.,   )
                                        )
                    Plaintiffs,   )
                                          )
vs.                                      )
                                        )
GULF INSURANCE COMPANY, et al.,    )
                                        )
                  Defendants.   )
_____)

Case No.  2:07-cv-00644-HDM-GWF

**ORDER**

**Motion to Bifurcate Bad Faith Claims and Stay Discovery - #30**

This matter is before the Court on Defendant The Travelers Indemnity Company's Motion to Bifurcate Bad Faith Claims, and Stay Discovery Related to Bad Faith Claims Pending Resolution of Contingent Contract Claims (#30), filed on November 15, 2007; Plaintiffs' Response to Defendants' Motion to Bifurcate Bad Faith Claims, and Stay Discovery Related to Bad Faith Claims Pending Resolution of Contingent Contract Claims (#36), filed December 3, 2007; and Defendant The Travelers Indemnity Company's Reply to Plaintiffs' Opposition to Motion to Bifurcate Bad Faith Claims, and Stay Discovery Related to Bad Faith Claims Pending Resolution of Contingent Contract Claims (#38), filed December 17, 2007.  The Court conducted a hearing in this matter on December 21, 2007.

## DISCUSSION

This case involves claims by Plaintiffs for breach of contract, declaratory judgment, breach of the implied covenant of good faith and fair dealing ("insurance bad faith") and violation of Nevada Unfair Claims Practices Act, NRS 686A.310 against Defendants Gulf Insurance Company and Travelers Indemnity Company (hereinafter collectively referred to as "Travelers").  The factual

1  allegations and legal issues involved in this case are more fully discussed in the Court's order regarding

2  Plaintiffs' Motion to Compel and For Sanctions (#28).  Travelers moves the Court to bifurcate trial of

3  Plaintiffs' breach of contract and declaratory judgment claims from their insurance bad faith and

4  statutory violation claims and to stay discovery on the latter claims until the coverage issues are

5  resolved.

6          Pursuant to Fed.R.Civ.Pro. 42(b), the court, in furtherance of convenience and to avoid

7  prejudice, or when separate trials will be conducive to expedition and economy, may order separate

8  trials of any claims or issues.  The Court has broad discretion under Rule 42(b) to bifurcate the trial of

9  claims or issues, thereby deferring costly and possibly unnecessary proceedings pending resolution of

10  dispositive claims or issues. *Zivkoviv v. Southern California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.

11  2002).  The court, in its discretion, may also bifurcate and stay discovery on the claims or issues to be

12  tried in the second phase of the case, depending on the outcome of the first phase of the trial.  *Ellingson*

13  *Timber Co. v. Great Northern R.R. Co.*, 424 F.2d 497, 499 (9th Cir. 1970).

14          Bifurcation of the trial of insurance coverage and bad faith claims is often warranted for reasons

15  of convenience, expedition and judicial economy and also to avoid prejudice to either party, but

16  particularly to the defendant insurance company.  Under Nevada law, insurance bad faith claims are not

17  *per se* legally premature because they are brought prior to the resolution of the insurance coverage

18  dispute. *Miles v. State Farm Mutual Automobile Ins. Co.*, 27 F.Supp.2d 1246, 1247 (D.Nev. 1998);

19  *Drennan v. Maryland Casualty Co.*, 366 F.Supp.2d 1002, 1005-1006 (D.Nev. 2005).  *Drennan* notes

20  that an insured is not required to demonstrate that he is entitled to a directed verdict on the contractual

21  claim to establish a prima facie bad faith claim.  *Id.*, 366 F.Supp.2d at 1006, *citing Albert H. Wohlers &*

22  *Co. v. Bartgis*, 114 Nev. 1249, 969 P.2d 949, 955 n. 2 (1999).  In order to prove insurance bad faith,

23  however, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage and

24  that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing

25  coverage. *Powers v. United Servs. Auto. Ass'n*, 114 Nev. 690, 702-703, 962 P.2d 596 (1998).  The

26  mere fact that an insurer was incorrect in its coverage determination does not render it liable for bad

27  faith if its position was reasonable. *American Excess Ins. Co. v. MGM Grand Hotels*, 102 Nev. 601,

28  605, 729 P.2d 1352 (1986).  Thus, an insured is generally required to prevail on its declaratory relief or

2

1   breach of contract claims regarding policy coverage as a predicate to the insurer's liability for bad faith
2   or on a statutory claim under NRS. 686A.310 based on a wrongful denial of coverage.

3       In this case, Plaintiffs allege that Defendant wrongfully denied coverage for the underlying
4   lawsuits based on inapplicable policy exclusions and that Defendant's denial of coverage was
5   unreasonable and made in bad faith.  Plaintiffs allege that Gulf Insurance Company preliminarily
6   accepted coverage for some of the underlying lawsuits, but that Travelers later reversed its position and
7   denied coverage for substantially similar lawsuits based on various policy exclusions that were not cited
8   in Gulf's earlier letters.[1]  Plaintiffs allege that the reversal of Defendant's coverage position was due to
9   Gulf's deteriorating financial condition and its pending merger with Travelers.  The issue of whether
10  the policy exclusion is unambiguous as applied to the underlying lawsuits may be an issue of law that
11  can be resolved on motion for summary judgment.  *Capitol Indemnity Corp. v. Blazer*, 51 F.Supp. 2d
12  1080, 1083-84 (D.Nev. 1999).  Conversely, if the court decides that the policy exclusions are
13  ambiguous, extrinsic evidence may be admissible at trial to establish a reasonable interpretation of the
14  ambiguous policy provision and may also be admissible in determining whether the insurer's coverage
15  position was unreasonable.  Certain evidence, such as reserves set by the insurer in the underlying
16  lawsuits or Gulf's allegedly deteriorating financial condition and its pending merger with Travelers,
17  will only be admissible on the issue of bad faith.  Introduction of such evidence in the trial of the
18  coverage issue would be unduly prejudicial to Defendant.  Additionally, a trial of the bad faith claims
19  will be unnecessary if the Defendant prevails on the coverage issue.  These factors therefore favor the
20  bifurcation of the trial of the contractual coverage issues and the bad faith claims.  *See Evantson*
21  *Insurance Co. v. Robb Technologies, LLC*, 2006 WL 1891134 (D.Nev. 2006) *3.

22      There are pros and cons as to whether discovery on the bad faith issues should be bifurcated and
23  stayed until the insurance coverage issue is resolved.  If the insurer prevails on the coverage issue by
24  either summary judgment or at trial, expensive and time consuming discovery on the bad faith issues
25  may be avoided.  If the insured prevails on the coverage issues, however, the parties will then be

26

27

28      [1]Travelers' affirmative defenses set forth in its answer also appear to raise a defense to coverage
    on the grounds that the underlying lawsuits are not within the scope of coverage of the insurance policy.

3

1  required to proceed with further discovery on the bad faith claims, resulting in two completely separate

2  trials before different juries.  In this latter regard, *Drennan v. Maryland Casualty Co.,* 366 F.Supp.2d at

3  1008, states:

4        Joint discovery is more convenient to the parties and would further
       judicial economy.  With joint discovery the parties will be better

5        informed with regard to settlement efforts.  Moreover, any discovery
       disputes likely will pertain to both causes of action.  Finally, joint

6        discovery will expedite resolution of the entire matter by permitting the
       second trial, if necessary, to commence immediately after the first.

7

8        Because joint discovery allows both phases of the case to be tried to the same jury, the second

9  phase of the trial is also likely to be shortened because there will be no need to again present evidence

10 from the first phase of the trial.

11       Although Defendant argues that the provisions of the policy unambiguously bar coverage for the

12 underlying lawsuits, it has not presented any proof for this assertion in its Motion to Bifurcate.  Nothing

13 in this Order, however, precludes Defendant from promptly moving for summary judgment based on

14 the allegedly unambiguous policy provisions.  The Court can also limit the scope of coverage and bad

15 faith discovery under the factors set forth in Fed.R.Civ.Pro. 26(b)(2) as it has done in its Order

16 regarding Plaintiffs' Motion to Compel (#28).  While this does not eliminate potentially expensive and

17 time consuming discovery on the bad faith issues, it is a preferable method for furthering the goal of

18 judicial economy than is an order bifurcating and staying bad faith discovery.  Accordingly,

19       **IT IS HEREBY ORDERED** that Defendant The Travelers Indemnity Company's Motion to

20 Bifurcate Bad Faith Claims, and Stay Discovery Related to Bad Faith Claims Pending Resolution of

21 Contingent Contract Claims (#30) is **granted** in regard to trial of the breach of contract and declaratory

22 judgment claims from the trial of Plaintiffs' insurance bad faith and statutory violations claims.

23 Defendant's Motion (#30) to bifurcation and stay of discovery of the bad faith claims until after the

24 resolution of the breach of contract and declaratory judgment claims is **denied**.  Pursuant to this order,

25 the parties will prepare both the insurance coverage and bad faith claims for trial.  Trial of the breach of

26 contract and declaratory judgment claims, if necessary, will first be tried and submitted to the jury.  If

27 . . .

28 . . .

4

appropriate in light of the verdict on insurance coverage, the bad faith issues will then be tried to the same jury.

DATED this 4th day of February, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

5