UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| YAMAGATA ENTERPRISES, INC., et al., | ) | |
| Plaintiffs, | ) | Case No. 2:07-cv-00644-HDM-GWF |
| vs. | ) | **ORDER** |
| GULF INSURANCE COMPANY, et al., | ) | **Renewed Motion to Compel Discovery - (#47)** |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Emergency Renewed Motion to Compel Discovery and Motion for Sanctions (#47), filed on February 19, 2008; Defendant The Travelers Indemnity Company's Opposition to Plaintiffs' Emergency Renewed Motion to Compel Discovery and for Sanctions (#55), filed February 28, 2008; and Plaintiffs' Reply in Support of Emergency Renewed Motion to Compel Discovery and Motion for Sanctions (#56), filed February 29, 2008. The Court conducted a hearing in this matter on March 4, 2008.

**DISCUSSION**

Plaintiffs in this action have alleged claims against Defendant for breach of an insurance contract and tort claims for "insurance bad faith" based on alleged wrongful denial of coverage. The Court previously ordered the Defendant to submit its claim file and adjuster log notes for *in camera* review to determine whether any information contained therein, including Defendant's claims personnel's evaluation of coverage for the underlying claims, were subject to discovery. *See Holmgren v. State Farm*, 976 F.2d 573, 577 (9th Cir. 1992). The Court reviewed the documents submitted by Defendant and ordered that a few documents listed on Defendant's privilege log be produced, but otherwise upheld Defendant's privilege objections.

In the instant Motion (#47), Plaintiff also contended that Defendant should be required to produce for *in camera* review and potential production, documents relating to communications between Defendant and its "outside" coverage counsel relating to the denial of coverage for the underlying claims. Plaintiff also sought *in camera* review and production of outside counsel's draft coverage opinion letters. Defendant objects to the production of these documents on the basis of the attorney-client privilege and/or the attorney work-product doctrine. Having considered this matter and heard oral argument of counsel, the Court finds that Plaintiff has not demonstrated sufficient grounds to overcome the attorney-client privilege or the work-product doctrine regarding Defendant's confidential communications with its outside counsel relating to the issue of policy coverage or to obtain production of counsel's draft letters.

First, confidential communications between Defendant and its outside counsel regarding coverage for the subject claims are protected by the attorney-client privilege. Defendant has not waived the privilege by raising an advice of counsel defense. Secondly, Defendant's counsel's drafts of his coverage opinion letters are protected by the attorney-work product doctrine. Plaintiff has obtained the final coverage opinion/denial letters of Defendant's counsel and is able to challenge the legal validity of Defendant's and its coverage counsel's evaluation of coverage. Plaintiff has, therefore, not demonstrated substantial need for the attorney's draft letters. Additionally, Plaintiff can obtain discovery, through depositions of Defendant's claims personnel, including inside claims counsel, regarding the facts and circumstances relating to any change of position in Defendant's coverage position or the facts and circumstances relating to the alleged delay in denying coverage. Plaintiff, therefore, has not demonstrated substantial need to discover outside counsel's draft letters relating to its coverage opinions. Accordingly,

**IT IS HEREBY ORDERED** that the Emergency Renewed Motion to Compel Discovery and Motion for Sanctions (#47) is **denied.**

DATED this 7th day of April, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge